# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

JANICE LYNN JONES,         )
                               )
      **Plaintiff,**        )
                               )
**v.**                           )       **Case No. CIV-25-1383-R**
                               )
**STATE OF OKLAHOMA, et al.,**    )
                               )
      **Defendants.**     )

## ORDER

Before the Court is Plaintiff's pro se[1] Complaint alleging a violation of her civil rights by numerous defendants, including state agencies, state employees, state court judges, the Oklahoma Supreme Court, municipal police departments, attorneys, and others. Although somewhat disjointed, Plaintiff's Complaint appears to be challenging certain actions that were taken during a child protective services investigation and/or a child custody proceeding in state court. However, pursuant to the inherent power to manage its docket,[2] the Court has reviewed the Complaint and finds that it is deficient in a number of ways.

---

[1] Where, as here, a litigant is proceeding pro se, the "pleadings are to be construed liberally." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Id*. "The broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id*.

[2] *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 307–08 (1989) ("Section 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Williams v. Madden*, 9 F. App'x 996, 997 n.1 (10th Cir. 2001) (noting agreement with *Mallard*); *Webster v. Palk*, No. 21-4057-JWB-GEB, 2021 WL 4893015,

### 1. The Complaint does not comply with Rule 8.

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This requirement "serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). A complaint that is "prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform" this "essential function." *Id.* (quotation marks omitted). Further, Rule 8(d) requires each allegation to be "simple, concise, and direct" and Rule 10(b) requires claims to be stated in separate, numbered paragraphs with "each limited as far as practicable to a single set of circumstances."

Plaintiff's Complaint does not satisfy these requirements. The Complaint itself is 42 pages long and it is accompanied by nearly 80 pages of exhibits. The allegations are disjointed, spread out across her numerous exhibits, and lack clarity. Although Plaintiff is entitled to some leeway given her pro se status, her pleading must still comply with relevant procedural rules and legal standards. Plaintiff's Complaint fails to provide a short and plain statement of the claim as required by Rule 8 and that alone is "sufficient reason to dismiss the complaint." *Mann*, 477 F.3d at 1148.

Relatedly, with respect to many of the named defendants, the Complaint's allegations do not provide fair notice of the grounds upon which the claims rest and/or are

at *2 (D. Kan. Oct. 20, 2021) ("The court has inherent authority to dismiss a frivolous complaint sua sponte even where, as here, Plaintiffs have paid the required filing fee.").

too conclusory to state plausible claims. The pleading standard outlined in Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting the *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) Thus, typically, "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007). The allegations must, at a minimum, provide "the defendant sufficient notice to begin preparing its defense and the court sufficient clarity to adjudicate the merits." *Id*. Although the Complaint references specific actions taken by some defendants, it fails to include factual allegations describing their personal participation in any alleged constitutional or state law violation. Further, conclusory assertions that defendants conspired, acted unlawfully, or maintain unconstitutional policies are insufficient to state a plausible claim.

## 2. The Complaint includes frivolous sovereign citizen theories.

The Complaint alleges that Plaintiff is "a living woman breathing with a living soul and holy spirt, one and only agent and beneficiary of Janice Lynn Jones," that "'We the People' is the ultimate source of all governmental authority in America," and that Plaintiff "does not consent to state courts' proceedings." To the extent Plaintiff is invoking sovereign citizen arguments, such arguments are "plainly frivolous" and "should be

3

rejected summarily." *United States v. Palmer*, 699 F. App'x 836, 838 (10th Cir. 2017) (quotation omitted).

**3. Several Defendants are not subject to suit and/or are entitled to absolute immunity.**

The Complaint names upwards of 40 separate defendants. Without making an exhaustive list, the Court notes that several of the named defendants are governmental departments or other entities that are not subject to suit. *See Hinton v. Dennis,* 362 F. App'x 904, 907 (10th Cir. 2010) ("Generally, governmental sub-units are not separate suable entities that may be sued under § 1983."); *Agrawal v. Cts. of Oklahoma*, No. CIV-18-396-D, 2018 WL 3354881, at *2 (W.D. Okla. July 9, 2018), aff'd, 764 F. App'x 809 (10th Cir. 2019) ("[T]he Oklahoma courts are not suable entities[]."); *Martin v. Box*, No. CIV-09-0192-HE, 2009 WL 1605657, at *5 (W.D. Okla. June 5, 2009) (concluding that the district attorney's office is not "a separate, suable legal entity").

The Complaint also seeks monetary relief from the State of Oklahoma and numerous state agencies and employees in their official capacities. The Eleventh Amendment bars suits in federal court for money damages against a state, its agencies, and state officers sued in their official capacity. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013). Although exceptions exist where the state waives Eleventh Amendment immunity or if immunity is abrogated by Congress, neither of those appear to apply here. *Pettigrew v. Okla. ex rel. Okla. Dep't of Public Safety*, 722 F.3d 1209, 1212 (10th Cir. 2013). Additionally, the State of Oklahoma is not a "person" that is subject to suit under 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989).

The Complaint also names multiple state court judges as defendants. Judges are entitled to absolute judicial immunity for actions taken in their judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 355-357 (1978). Judicial immunity is broad and "is not overcome by allegations of bad faith or malice." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Rather, "[o]nly accusations that a judge was not acting in his judicial capacity or that he acted in the complete absence of all jurisdiction can overcome absolute immunity." *Guttman v. Khalsa*, 446 F.3d 1027, 1034 (10th Cir. 2006). The Complaint does not include well-pleaded factual allegations sufficient to overcome absolute judicial immunity.

**4. Criminal statutes do not provide a private cause of action.**

The Complaint references several federal criminal statutes, including 18 U.S.C. §§ 241 and 242. However, these "criminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 F. App'x 414, 415 (10th Cir. 2003).

**5. Claims brought pursuant to 28 U.S.C. § 2241 are not cognizable in this action.**

The Complaint asserts claims under 42 U.S.C. § 1983 for alleged violations of Plaintiff's constitutional rights, but then also requests a writ of habeas corpus under 28 U.S.C. § 2241 to "challenge the ongoing unlawful detention of her minor children." Initially, it is not apparent that Plaintiff has the authority to bring any claims on behalf of the minor children. Further, from what the Court can discern from Plaintiff's fragmented allegations, the minor children are not "in custody" within the meaning of the habeas corpus statutes. *See* 28 U.S.C. § 2241(c); *Dry v. CFR Ct. of Indian Offenses for Choctaw Nation*, 168 F.3d 1207, 1208 (10th Cir. 1999) ("A petitioner must satisfy the 'in custody' requirement as a prerequisite to habeas corpus jurisdiction."). Additionally, there are

limited circumstances in which it is appropriate "to lodge *both* § 2241 claims and § 1983 claims in the same filing." *Whitmore v. Parker*, 484 F. App'x 227, 240 (10th Cir. 2012). Given the numerous defendants named in the Complaint and the various forms of relief sought, those limited circumstances are not present here. *See id.* (explaining that § 2241 challenges the execution of a sentence and "is not meant to provide compensation"); *Adams v. Rankin,* No. CIV-24-838-HE, 2025 WL 2048327, at *5 (W.D. Okla. June 9, 2025), report and recommendation adopted, No. CIV-24-0838-HE, 2025 WL 2045596 (W.D. Okla. July 21, 2025) (explaining that "[a] § 2241 action does not contemplate the additional defendants…necessary to adjudicate Petitioner's proposed § 1983 claims").

6. **Injuries caused by a state court judgment are barred by the *Rooker-Feldman* doctrine.**

The *Rooker–Feldman* doctrine prevents federal district courts from entertaining actions brought by "state-court losers" challenging "state-court judgments rendered before the district court proceedings commenced." *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280, 284 (2005)). To determine if *Rooker-Feldman* applies, courts consider whether "the state court judgment caused, actually and proximately, the injury for which the federal court plaintiff seeks redress." *Kanth v. Lubeck*, 123 F. App'x 921, 924 (10th Cir. 2005). "If it did, *Rooker-Feldman* deprives the federal court of jurisdiction." *Id*. (quotations and citation omitted). The *Rooker–Feldman* doctrine applies both to "claims actually decided by a state court, and claims inextricably intertwined with a prior state-court judgment." *Tal v. Hogan*, 453 F.3d 1244, 1256 (10th Cir. 2006) (internal quotation marks and brackets omitted). At

bottom, the *Rooker-Feldman* doctrine instructs that "errors in state cases should be reviewed and settled through the state appellate process." *Id*. at 1256 n.11 (10th Cir. 2006).

Although the precise contours of Plaintiff's claims are unclear, she appears to primarily be complaining of injuries caused by a state court proceeding regarding the custody of her children. To the extent Plaintiff seeks review of the state court judgment or asserts claims that are inextricably intertwined with the state court judgment, the claims are barred by *Rooker-Feldman* and the Court cannot exercise jurisdiction over them.

For the reasons set out above, Plaintiff's Complaint is deficient and subject to dismissal. However, in light of Plaintiff's pro se status, the Court will permit Plaintiff an opportunity to cure these deficiencies by filing an amended complaint that provides proper notice to each defendant as to the basis of the claims against him or her. Pursuant to Federal Rule of Civil Procedure 8, the amended complaint must be a short and plain statement that is in a readable format, contains all of Plaintiff's allegations, provides the basis for the Court's jurisdiction, names all defendants and the capacity in which they are sued, and specifies the relief sought. The claims should be set out in separately numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Any amended complaint will supersede and replace the initial complaint. *See Davis v. TXO Prod. Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991).

The amended complaint must be filed no later than December 15, 2025. A failure to file an amended complaint will result in the dismissal of this action without prejudice and without further notice.

IT IS SO ORDERED this 25th day of November, 2025.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**