UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JANICE LYNN JONES,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-25-1383-R |
| ) | |
| **STATE OF OKLAHOMA, et al.,** ) | |
| ) | |
| Defendants. ) | |

**ORDER**

In an order dated November, 25, 2025 [Doc. No. 3], the Court screened Plaintiff's pro se Complaint, determined that it was deficient in several ways, and instructed Plaintiff to file an Amended Complaint.

The Amended Complaint, which is 42 pages and includes 29 exhibits, does not set out a short and plain statement of the claims as required by Rule 8. Additionally, the Amended Complaint continues to assert frivolous sovereign citizen theories, names defendants that are either entitled to immunity or lack the capacity to be sued, asserts claims based on criminal statutes that do not provide a private cause of action, asserts claims pursuant to 28 U.S.C. § 2241 that are not proper in this action, and asserts claims that may be barred by the *Rooker-Feldman* doctrine or that the Court otherwise lacks jurisdiction to entertain. In short, the Amended Complaint contains the same deficiencies the Court previously identified and Plaintiff did not make a meaningful attempt to cure those deficiencies.

1

The Court recognizes that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But a "broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." It is not "the proper function of the district court to assume the role of advocate for the pro se litigant[,]" *id.*, nor is it the district court's responsibility to "separate the wheat from the chaff" when a plaintiff submits a pleading that is needlessly prolix and disjointed. *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).

However, in light of Plaintiff's pro se status, the Court will give Plaintiff an additional opportunity to submit a pleading that complies with Rule 8 and corrects the numerous deficiencies that are apparent from the face of her Amended Complaint.[1] Plaintiff shall submit a Second Amended Complaint no later than January 5, 2025. Failure to file a Second Amended Complaint will result in dismissal of this action without prejudice and without further notice.

IT IS SO ORDERED this 16th day of December, 2025.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] For further guidance, the Court refers Plaintiff to the prior order entered on November 25, 2025.