UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JANICE LYNN JONES,** | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-25-1383-R |
| **STATE OF OKLAHOMA, et al.,** | ) ) ) | |
| Defendants. | ) | |

## **ORDER**

The Court previously screened Plaintiff's pro se Complaint, determined that it was deficient in several ways, and instructed Plaintiff to file an Amended Complaint. Plaintiff filed a timely Amended Complaint but it contained many of the same deficiencies the Court previously identified. However, in light of Plaintiff's pro se status, the Court permitted Plaintiff an additional opportunity to cure the deficiencies by filing a second Amended Complaint. In both orders, the Court informed Plaintiff that a failure to file an amended pleading would result in dismissal without prejudice.

Now before the Court is Plaintiff's Second Amended Complaint [Doc. No. 11]. The Second Amended Complaint names numerous child welfare workers, attorneys, doctors, state agencies, and certain "judicial defendants." Plaintiff's allegations appear to arise from a child protective services investigations and custody proceeding in state court which resulted in her children being removed from her care. She alleges caseworkers provided false information and the children were illegally seized. Her Second Amended Complaint

seeks relief in the form of monetary damages, immediate return of the children, vacating the adoption of her children, and other injunctive relief.

Despite the Court's prior orders, Plaintiff has still not cured the bulk of the deficiencies previously identified. Although Plaintiff has pared down some of her allegations, the pleading continues to violate Rule 8 as it is not a short and plain statement of the claims. Further, several claims are supported by conclusory allegations that are either plainly insufficient to state a plausible claim or insufficient to provide fair notice to a particular defendant as to the basis of the claim.[1] Additionally, the Amended Complaint continues to contain frivolous sovereign citizen theories, names defendants that are either entitled to immunity or lack the capacity to be sued, asserts claims based on criminal statutes that do not provide a private cause of action, and asserts claims pursuant to 28 U.S.C. § 2241 that are not proper in this action.

Additionally, although Plaintiff attempts to characterize some of her claims as seeking vindication of her constitutional rights, she is seeking relief for injuries caused by a child custody proceeding, including reversal of state court rulings and an award of custody. *See Kanth v. Lubeck*, 123 F. App'x 921, 924 (10th Cir. 2005). However, the *Rooker-Feldman* doctrine prevents the Court from exercising jurisdiction over these claims. *See id.* (applying *Rooker-Feldman* doctrine to claims involving child custody proceedings).

---

[1] *See, e.g.*, Plaintiff's claim that her "ADA rights" were violated or the paucity of allegations explaining how particularly defendants were involved, such as Defendant Tricia Howell or Erin Johnson.

Plaintiff has been given two opportunities to correct the deficiencies in her pleading and has failed to comply. She has twice been warned that this action would be dismissed without prejudice for failure to submit an appropriate pleading. Plaintiff's failure to comply with the Court's orders and rules, combined with the Court's inherent power to manage judicial resources, warrants dismissal of this action without prejudice. *See U.S. ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) ("[D]ismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules."); *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (interpreting Rule 41(b) to permit courts to dismiss actions sua sponte for failure to comply with rules or orders).

Accordingly, Plaintiff is given fourteen days, or until January 26, 2025, to show cause as to why this action should not be dismissed for failure to comply with the court's orders and failure to state a claim. In the absence of such a showing, this action will be dismissed without prejudice.

IT IS SO ORDERED this 12th day of January, 2026.

*signature: David L. Russell*

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE