## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JANICE LYNN JONES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-25-1383-R** |
| | ) | |
| **STATE OF OKLAHOMA, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

After screening Plaintiff's Complaint and Amended Complaint and concluding that it was deficient, the Court instructed Plaintiff to show cause as to why this action should not be dismissed for failure to comply with the court's orders and failure to state a claim. Plaintiff filed a response asserting that she had removed certain defendants that were entitled to absolute immunity and that she can state a Fourth and Fourteenth Amendment claim against child welfare workers that use false evidence.

Upon consideration, the Court is not persuaded that Plaintiff has adequately addressed the deficiencies outlined in the prior orders. As previously explained, the Amended Complaint violates Rule 8 as it is not a short and plain statement of the claims. Importantly, Rule 8 "establishes a ceiling (the complaint must be no more than 'a short and plain statement') and not a floor (the complaint must at least be a 'short and plain statement')." *Toevs v. Reid*, 267 F. App'x 817, 818–19 (10th Cir. 2008) (internal quotation marks omitted). "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs

are suing for what wrongs, fails to perform the essential functions of a complaint." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007) (internal quotation marks omitted). Indeed, a complaint is "an improper and impermissible place for the tedious and burdensome aggregation of prospective evidence." *Trump v. New York Times Co.*, No. 8:25-CV-2487-SDM-NHA, 2025 WL 2680597, at *2 (M.D. Fla. Sept. 19, 2025).

Plaintiff's Amended Complaint is neither short nor plain and includes an unnecessary and burdensome aggregation of prospective evidence. The Court has twice instructed Plaintiff to comply with Rule 8 and she has not done so. Plaintiff's failure to provide a short and plain statement of the claim is, on its own, "sufficient reason to dismiss the complaint." *Mann*, 477 F.3d at 1148.

Additionally, Plaintiff has not provided a response to the Court's conclusion that the Amended Complaint contains several other deficiencies, including allegations that resemble frivolous sovereign citizen theories, allegations directed at defendants that are either entitled to immunity or lack the capacity to be sued, claims based on criminal statutes that do not provide a private cause of action, and claims pursuant to 28 U.S.C. § 2241 that are not proper in this action. Plaintiff has also failed to explain why her claims, which appear to seek reversal of state court rulings, would not be barred by the *Rooker-Feldman* doctrine. *See Kanth v. Lubeck*, 123 F. App'x 921, 924 (10th Cir. 2005).

Accordingly, this action is dismissed without prejudice for failure to comply with Rule 8 and the Court's prior orders.

IT IS SO ORDERED this 11th day of February, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE